IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS STICKLE,

      Plaintiff,

      v.                                          CASE NO. 20-3217-SAC

SHAWNEE COUNTY DISTRICT
ATTORNEY, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Shawnee County Jail in Topeka, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. On September 17, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff until October 16, 2020, to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

Plaintiff's allegations in his Complaint involve his state criminal proceedings. *See State v. Stickle*, Case No. 18-CR-3297, filed December 6, 2018, in Shawnee County District Court. Plaintiff alleges excessive bond and speedy trial violations. Plaintiff sues the prosecuting attorney and the State of Kansas. Plaintiff seeks immediate release from custody and dismissal of his state criminal case. In the MOSC, the Court found that the Court may be prohibited from hearing Plaintiff's claims relating to his state criminal case under *Younger v. Harris*, 401 U.S. 37, 45 (1971). The Court also found that to the extent Plaintiff seeks immediate release or challenges the validity of his sentence or conviction, his federal claim must be presented in

1

habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). Therefore, any claim seeking release from imprisonment is not cognizable in a § 1983 action.

In addition, this Court cannot order the State courts to open or close cases. *See Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that any federal court order for "investigation or prosecution of various people for various crimes" would "improperly intrude upon the separation of powers"); *Alexander v. Lucas*, 259 F. App'x 145, 148 (10th Cir. 2007) (holding that the *Rooker-Feldman* doctrine barred plaintiff's request that the federal district court order a State-court judge to grant relief). The Court also found that Plaintiff's claims against the Shawnee County District Attorney fail on the ground of prosecutorial immunity.

The MOSC provided that "[f]ailure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim." (Doc. 6, at 6.) Plaintiff has failed to respond to the MOSC by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated October 20, 2020, in Topeka, Kansas.**

>                    s/ Sam A. Crow
>                    **Sam A. Crow**
>                    **U.S. Senior District Judge**